IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 2 5 - 1 0 0 1 6 - B

**FRANK POLO SR.,**

Appellant,

vs.

**SCOTT BERNSTEIN, ET AL,**

Appellees.

*******************************************************
ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DOCKET NO. 23-cv-21684-RNS
*******************************************************

**APPELLEES BERNSTEIN, DEL REY, MULTACK AND LOGUE'S**

**ANSWER BRIEF**

JAMES UTHMEIER
Attorney General

CHRISTOPHER SUTTER (FBN 0422215)
Assistant Attorney General
Office of the Attorney General
South Florida Civil Litigation Bureau
110 SE 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301-5000
Tel. (954) 712-4600
Christopher.Sutter@myfloridalegal.com

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, Appellees JUDGE SCOTT BERNSTEIN, JUDGE MARCIA DEL REY, JUDGE SPENCER MULTACK and JUDGE THOMAS LOGUE (hereinafter the "State Appellees"), by and through the undersigned counsel, file this Certificate of Interested Persons and Corporate Disclosure Statement. The following persons and/or parties have an interest in the outcome of this case:

Alonso, Jennifer Rebeca Perez – counsel for Segarra and Segarra & Associates

Archdiocese of Miami – parent company to St. Thomas University

Beasley, Joseph – counsel for Segarra and Segarra & Associates

Beasley, Demos & Brown, LLC – firm representing Manuel Segarra and Segarra & Associates, P.A.

Bernstein, Hon. Scott – Defendant/Appellee

Del Rey, Hon. Marcia – Defendant/Appellee

Demos, Stephanie – counsel for Segarra and Segarra & Associates

Diaz, Roberto – counsel for St. Thomas University

Florida Third District Court of Appeals

Florida Office of the Attorney General

Florida Office of State Court Administration

Goodman, Hon. Jonathan – Magistrate Judge - SDFL

Hernandez, Merlin – Defendant/Appellee

J. Patrick Fitzgerald & Assoc., PA – firm representing St. Thomas University

Logue, Hon. Thomas – Defendant/Appellee

Martinez, Randolph – Defendant/Appellee

Multack, Hon. Spencer – Defendant/Appellee

Polo, Frank, Sr. – Plaintiff/Appellant

Scola, Hon. Robert – U.S. District Court Judge - SDFL

Segarra & Associates, PA – Defendant/Appellee

Segarra, Manuel, III – Defendant/Appellee

St. Thomas University – Defendant/Appellee

Sutter, Christopher – Asst. Attorney General, appellate counsel – State Appellees

      State Appellees, through undersigned counsel, hereby certify that, to their knowledge, there are no known publicly traded companies or corporations that have an interest in the outcome of the case or appeal.

<div align="right">
s/ Christopher Sutter<br>
Christopher Sutter<br>
Assistant Attorney General
</div>

## STATEMENT REGARDING ORAL ARGUMENT

In accordance with Fed. R. App. P. 34, Appellees do not request oral argument. The issues are adequately set forth in the record and in the briefs and the Court's decision-making process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.................................C-1

STATEMENT REGARDING ORAL ARGUMENT............................. i

TABLE OF CONTENTS....................................................... ii

TABLE OF AUTHORITIES.................................................. iii

STATEMENT OF JURISDICTION ......................................1

STATEMENT OF THE ISSUES..........................................1

INTRODUCTION ........................................................2

RE-STATEMENT OF THE CASE........................................3

  Background.........................................................3

  Course of Proceedings and Disposition ..............................3

  Standard of Review ................................................5

SUMMARY OF ARGUMENT ...........................................5

ARGUMENT ...........................................................7

I. Order denying recusal was appropriate...................................7

II. Order dismissing case as a shotgun pleading was appropriate ....................11

III. Dismissal of the federal claims with prejudice was appropriate.......14

CONCLUSION ........................................................17

CERTIFICATE OF COMPLIANCE.......................................18

CERTIFICATE OF SERVICE............................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Vanguard Car Rental USA Inc.*, 427 F. App'x 861 (11th Cir. 2011)....8

*Apex Oil Co. v. Apex Oil*, 981 F.2d 302 (8th Cir. 1992)............................................9

*Arrington v. Green*, 757 F. App'x 796 (11th Cir. 2018) ...................................6, 14

*Baptiste-Alkebul-Lan v. Computers Mentors Group, Inc.*, Case No. 8:21-cv-1751-
CEH-JSS, 2023 WL 2471394 (M.D. Fla. February 3, 2023) ...............................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
...........................................................................................................................11

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d
1012 (2008) .........................................................................................................15

*Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001)...................................................15

*Campbell v. Air Jam. Ltd.*, 760 F.3d 1165 (11th Cir. 2014).....................................8

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).....................................................15

*Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157 (5th Cir. 1982)
.............................................................................................................................9

*Costello v. United States*, 365 U.S. 265 (1961) .....................................................15

*Cramer v. Florida*, 117 F.3d 1258 (11th Cir. 1997)...............................................15

iii

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008) .............11

*Draper v. Reynolds*, 369 F.3d 1270 (11th Cir. 2004)................................................9

*Eades v. Alabama Dept. of Human Resources,* 298 Fed.Appx. 862 (11th Cir. 2008)

................................................................................................................17

*Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d

1232 (11th Cir. 2009)................................................................... 14, 15

*Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238 (10th Cir. July 26, 2000)....9

*Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117 (11th Cir. 2017).........15

*Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988)...............................................5, 10

*Huff v. Standard Life Ins.*, 683 F.2d 1363 (11th Cir. 1982)......................................9

*Liteky v. United States*, 510 U.S. 540 (1994)......................................................5, 10

*Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994)..............................................10

*Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001)..............................................15

*Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989)..............................................6, 14

*Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924 (11th Cir. 2015) .................10

*Paylan v. Bondi*, No. 8:15-cv-1366-T-36AEP, 2017 WL 11553079 (M.D. Fla. Apr.

6, 2017) ..................................................................................................10

*Raney v. Allstate Ins. Co.*, 370 F.3d 1086 (11th Cir. 2004)................................6, 16

*Regions Bank v. Leg. Outsource PA*, 800 F. App'x 799 (11th Cir. 2020) ...............8

*Strickland v. Chase Bank USA Nat'l Ass'n*, No. 1:08-cv-3270-WSD, 2010 WL

298798 (N.D. Ga. Jan. 19, 2010) ............................................................9

*Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306 (11th Cir.2002) ...............8

*U.S. v. Jordan*, 49 F.3d 152 (5th Cir. 1995) ........................................8

*U.S. v. Spiker*, 649 Fed.Appx. 770 (11th Cir. 2016).................................9

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018)............. 6, 11, 15, 16

*Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006)...............15

*Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985)....................................15

*Weiland*, 792 F. 3d 1313 ........................................... 2, 6, 11, 15

*Yeyille v. Miami Dade Cnty. Pub. Sch.*, 654 F. App'x 394 (11th Cir. 2016).......5, 10

## Statutes

28 U.S.C. 455(a) ...........................................................................9

28 U.S.C. § 455(a), (b)(1) ...............................................................7

28 U.S.C. § 1291 .........................................................................1

§455................................................................................................7

## Rules

Fed. R. App. P. 32(a)(6)...............................................................18

Fed. R. App. P. 32(a)(7)(B) ...........................................................18

Fed. R. App. P. 34.........................................................................i

Fed. R. Civ. P. 8(a)(2)..................................................... 5, 11, 12, 13, 17

Fed. R. Civ. P. 11(b) .......................................................15

Fed. R. Civ. P. 32(a)(5) ...................................................18

Fed. R. Civ. P. 41(b) ................................................. 15, 16

Fed. R. Civ. P 8 and 10 ...............................................1, 12

## STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1291 as an appeal of a final decision of the Southern District Court of Florida.


## STATEMENT OF THE ISSUES

The Statement of the Issues, corresponding numerically as to those presented by the Appellant:

**ISSUE No. 1:** Whether denial of Appellant's motion to disqualify was improperly denied. The Appellant attempts to make numerous unsupported and conclusory claims as a basis for recusal, he also fails to demonstrate that his First or Fifth Amendment rights were violated in any way while he failed to comply with the Federal Rules of Civil Procedure and the orders from the District Court.

**ISSUE No. 2:** Whether the lower court erred in failing to determine whether the pro se pleading was "informative enough to permit a court to readily determine if it states a claim upon which relief can be granted." The District Court determined that the Appellant was not compliant with Fed. R. Civ. P. 8 and 10 and also determined in some circumstances that the Appellant failed to state a claim for which relief may be had.

**ISSUE No. 3:** Whether the District Court failed to apply the correct principle of law by ignoring the long-standing principle in the 11th Circuit that states, "a

dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: `(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice[,]'" (*Weiland*, 792 F. 3d 1313 at 1331. Fn.10), when the lesser sanction of dismissal with leave to amend was provided more than one time, resulting in shotgun pleadings each and every time.

## **INTRODUCTION**[1]

Appellant appeals the District Court's Final Judgment (ECF No. 18). This dismissal was based upon a finding of the District Court that the Plaintiff had failed to comply with previous court orders by filing yet another shotgun pleading.

Each of his five complaints was replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

The State Appellees respectfully requests that this Court affirm the Final Judgment of the District Court dismissing the federal case with prejudice and the included state claims without prejudice. The related order denying Appellant's

---

[1] Judge Bernstein, Judge Del Rey, Judge Multack and Judge Logue ("State Defendants" or "State Appellees") had been granted an extension of time (ECF No. 51) with their response due by August 15, 2024. The District Court *sua sponte* dismissed the complaint prior to that date. Named Defendants Third District Court of Appeal and Eleventh Judicial Circuit Court of Florida had been voluntarily dismissed by the Plaintiff (ECF No. 42).

motion for recusal should also be affirmed.

References to the Appellant's Brief will be designated by "IB". References to the Appellant's Appendix will be designated as "AA".

## <u>RE-STATEMENT OF THE CASE</u>

### I. Background

The case stems from a state family law case concerning custody and parental responsibility of the Appellant and his former partner.[2] The case was presided over by various state court judges and also involved the Florida appellate courts. Appellant claims that all defendants conspired to deprive him of his constitutional rights. Appellant took issue with orders entered by the various judges in the state court case. Appellant also believes he did not receive due process when he was removed from St. Thomas University.

### II. Course of the Proceedings and Disposition

1. Appellant filed his original complaint on May 4, 2023. (ECF No. 2)

2. On May 8, 2023, the Court entered an order striking the complaint and giving leave to amend. (ECF No. 6)

3. Appellant filed an amended complaint on June 8, 2023. (ECF No. 9)

_____

[2] Family Court case 2012-17787 FC filed in the Florida Eleventh Judicial Circuit.

4. A Second Order Striking Amended Complaint was entered the same day. (ECF No. 10)

5. An amended complaint was filed on August 21, 2023. (ECF No 18)

6. An Omnibus Order was entered by the Court on September 29, 2023, striking the complaint and providing the ability for the Appellant to amend. (ECF No. 22)

7. A Third Amended Complaint was filed on October 24, 2023. (ECF No. 25)

8. An Omnibus Order was entered on November 9, 2023, dismissing the case without prejudice but without further leave to amend. (ECF No. 26)

9. A Motion to Alter or Amend the Judgment was filed by the Appellant on December 7, 2023. (ECF No. 27)

10. The motion was granted on February 27, 2024. (ECF No. 29)

11. The Fourth Amended Complaint was filed on April 29, 2024. (ECF No. 34)

12. An amended complaint to change header was filed on May 8, 2024. (ECF No. 38)

13. A Motion for Disqualification was filed by the Appellant on May 24, 2024. (ECF No. 41)

14. An order denying the motion for disqualification was entered on July 23, 2024. (ECF No. 54)

15. Second Omnibus Order entered on July 22, 2024, dismissing and closing

case. (ECF No. 55)

16. Final Judgment in favor of Defendants entered on July 23, 2024. (ECF No. 56)

## III. Standard of Review

The State Appellees accept the standards of review provided by the Appellant in the respective sections of his brief.

## SUMMARY OF ARGUMENT

The Appellant sought the recusal of the district court judge based upon pure conjecture. "[U]nsupported and tenuous allegation[s] do[ ] not warrant recusal." *Yeyille v. Miami Dade Cnty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)). It is not the Court's responsibility to identify all defects in a filing or to attempt any construction of a pleading. A former affiliation in a workplace does not demonstrate a relationship that warrants recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). There was no basis for recusal and the denial of the Appellant's motion was appropriate.

The district court properly based its order dismissing the case on the repeated filing of shotgun pleadings by the appellant.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (defining the four types of shotgun pleadings).

Dismissal with prejudice as to the federal claims in this case was appropriate as the District Court provided the Appellant with multiple opportunities in which to properly submit a viable complaint to the Court. *See Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (concluding that the district court did not abuse its discretion by dismissing a pro se plaintiff's complaint with prejudice, on shotgun-pleading grounds, where the plaintiff was given "at least one opportunity to re-plead the complaint"). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

The state claims in the complaint were properly dismissed without prejudice as the District Court did not have jurisdiction and the Plaintiff would have the opportunity to pursue those claims in state court if he desired to do so.

*See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (explaining that where a complaint is dismissed as a shotgun pleading, and a further sua sponte amendment is not offered, any remaining state-law claims should be dismissed "without prejudice as to refiling in state court").

The Final Judgment of the Court resulting in the dismissal of the case with prejudice was proper and must be affirmed.

## ARGUMENT

### I. Order denying recusal was appropriate.

Appellant's basis for seeking recusal of the district court judge in this case is pure conjecture. Appellant attempted to claim that because the presiding judge and one of the defendant judges worked in the Florida Eleventh Judicial Circuit at the same time, there was some sort of long-term relationship between the two. Those statements are supported by no other information. There is also no clear connection between the presiding judge and the Appellant's "political adversaries." (IB p.10 ¶34) Appellant also attempts to claim there were inconsistent rulings and that the District Court ignored clear defects in his pleadings.

Under § 455, recusal is required when a district judge's "impartiality might reasonably be questioned" or when the district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Under §455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Regions Bank v. Leg. Outsource PA*, 800 F. App'x 799, 800 (11th Cir. 2020). "The standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1329 (11th Cir.2002). In other words, in evaluating a motion for disqualification, the Court considers "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *U.S. v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). The Appellant is also required to show that the orders of the district court "demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Anderson v. Vanguard Car Rental USA Inc.*, 427 F. App'x 861, 864 (11th Cir. 2011).

It is not the Court's responsibility to identify all defects in a filing or to attempt any construction of a pleading. There is also no link between failure to notify a party of a defect and impartiality. "Although we hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys, we may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d

1165, 1168–69 (11th Cir. 2014). The actions suggested by the Appellant would be to have the Court provide legal advice to him. Such actions would only raise the question of impartiality by the Court as to the other parties in the case.

The tenures of District Court Judge Scola and State Appellee Judge Bernstein at one time overlapped in the Family Court Division of Florida's Eleventh Judicial Circuit well over a decade ago. The mentioning that the two worked in the same place at one time is insufficient to implicate impropriety, personal bias or prejudice. Similar "relationships" have been examined by the courts. As examined by the Middle District Court of Florida:

> "[a] judge's former affiliation with a firm representing a party, without more, is not grounds for disqualification." *Strickland v. Chase Bank USA Nat'l Ass'n*, No. 1:08-cv-3270-WSD, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010) (quoting *Draper v. Reynolds*, 369 F.3d 1270, 1281 & n.18 (11th Cir. 2004) (holding that judge's former affiliation with law firm that represented a party did not warrant disqualification under 28 U.S.C. 455(a); and noting that a two-year recusal period is generally reasonable where the judge is no longer receiving financial payment from a former law firm)); *Huff v. Standard Life Ins.*, 683 F.2d 1363, 1370 (11th Cir. 1982) (noting that the fact that the judge was a former law partner of the firm representing one of the parties in the action did not create a risk of impartiality that would jeopardize the image of the judicial system); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982) ("The fact that [the judge] once represented [the defendant] in unrelated matters does not forever prevent him from sitting in a case in which [the defendant] is a party.... The relationship between [the judge] and [the defendant], terminated at least six years ago [when the judge was appointed to the bench], is too remote and too innocuous to warrant disqualification under § 455(a)."); *Apex Oil Co. v. Apex Oil*, 981 F.2d 302, 304 (8th Cir. 1992) (holding that an Eighth Circuit judge's prior partnership in the law firm that represented a party involved in the bankruptcy dispute at issue was not required to recuse himself); *Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238, at *2 (10th Cir. July 26, 2000) (unpublished) (noting that

a judge's prior employment with law firm representing defendants did not require disqualification).

*Baptiste-Alkebul-Lan v. Computers Mentors Group, Inc.*, Case No. 8:21-cv-1751-CEH-JSS, 2023 WL 2471394, *1 (M.D. Fla. February 3, 2023). See also *U.S. v. Spiker*, 649 Fed.Appx. 770, 772-773 (11th Cir. 2016)(A magistrate judge and a district judge did not recuse themselves simply because they belonged to the same court as a threatened judge. With no evidence of close personal ties, it was not error for the judges not to recuse themselves.)

Appellant provides no information other than that the judges worked in the same place at one time. There is no evidence of any type of relationship between the judges. Based upon the information presented by the Appellant, the claims are conclusory and speculative.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). See *Baptiste* at *2 citing *Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015) (finding that recusal of district judge was not warranted in employment discrimination suit, where employee moved for recusal based merely on dissatisfaction with judge's rulings in favor of employer) (citing *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994)); *Paylan v. Bondi*, No. 8:15-cv-1366-T-36AEP, 2017 WL 11553079, at *3 (M.D. Fla. Apr. 6, 2017) ("Paylan is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal.")

"[U]nsupported and tenuous allegation[s] do[ ] not warrant recusal." *Yeyille v. Miami Dade Cnty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)). There is nothing presented by the Appellant that warrants a reversal of the District Court judge's denial (ECF No. 54) of the Appellant's motion to disqualify (ECF No. 41). The ruling should be affirmed.

## II. Order dismissing case as a shotgun pleading was appropriate

A dismissal on shotgun pleading grounds is reviewed on an abuse of discretion basis. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). A shotgun pleading fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a compliant on shotgun pleading grounds.

The issue of shotgun pleadings is reviewed in *Vibe Micro, Inc.,* stating:

> We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (defining the four types of shotgun pleadings). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting numerous cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). They waste scarce judicial resources, "inexorably broaden[ ] the scope of discovery," "wreak

havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." *Id.* at 981–83 (detailing the "unacceptable consequences of shotgun pleading").

*Vibe Micro* at 1294-1295

The district court thoroughly outlines the bases for the dismissal of the case as a shotgun pleading in its Second Omnibus Order (ECF No. 55). There were several issues with the last amended complaint. While directed to bring the complaint within compliance with rule 8(a)(2) and 10(b), he added nine new defendants back into the case and added claims, replicating previous mistakes that had been brought to his attention (ECF No. 55 p.3) The District Court also points to specific counts and language to illustrate the noncompliance with court rules and orders (Id. 4-5)

The main issue was that after five opportunities to amend his complaint to comply with the Federal Rules of Civil Procedure and multiple orders from the Court, the Appellant failed to do so. The very first order striking the initial complaint (ECF No. 6 p.2-3) referred to specific issues and then stated:

> To the extent Polo believes he can fix these deficiencies, he may file an amended complaint. In doing so, Polo must (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth, in a linear and methodical way, specific factual allegations in support of his claims; (4) separate each cause of action into a different, sequentially numbered, count which clearly identifies the relevant cause of action or claim for relief; (5) refrain from relying on conclusory or speculative allegations to support his claims; and (6) identify

with specificity which factual allegations and acts or omissions pertain to which count.

The Court then stated that "failure to comply with or timely respond to this order may result in the dismissal of his case." (Id. p.3) A similar statement was made in the next order striking his amended complaint (ECF No. 10). The lower court noted the next amended complaint was still "replete with conclusory statements, devoid of any factual support." Some claims also appeared time barred. Leave to amend was provided and the Appellant was again forewarned that failure to comply will result with dismissal (ECF No. 22). The next amended complaint was dismissed at the screening stage for failure to state a claim on which relief may be granted or sought monetary relief against a defendant who was immune from such relief. The case was dismissed without further leave to amend. (ECF No. 26). The Court granted leave to amend pursuant to a motion for reconsideration (ECF No. 29). In that order, the Court elaborated on the continued shotgun pleading and warned "that his case *will be dismissed with prejudice if his fourth amended pleading fails to comply with Rules 8(a)(2) or 10(b) or any of the Court's previous orders*." (emphasis in order) This led to the amended complaint from which the Final Judgment was derived.

The Appellant, despite the existing rules of the court and five court orders indicating the deficiencies of his complaint, failed to comply with the orders of the court and continued to file shotgun pleadings. As multiple opportunities were

provided to the Appellant to bring his complaint into compliance with the rules and court orders, the District Court properly dismissed the federal case with prejudice. The decision of the District Court must be affirmed.

### III.   Dismissal of the federal claims with prejudice was appropriate

The federal claims in this case were dismissed with prejudice on non-merit grounds.  The District Court gave the Appellant multiple opportunities to amend or correct his complaint so as not to be a shotgun pleading. (ECF Nos. 2, 9, 18, 25, 34, 38) The orders outlined the problems with the complaints.  As referenced above, the Court provided the Appellant with considerable feedback and direction, yet the Appellant failed to comply with the rules and orders of the Court, filing a shotgun pleading on each occasion.

With the Appellant continuing to disregard the District Court's orders or by being unable to structure his arguments accordingly, the federal claims were properly dismissed with prejudice.  *See Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (concluding that the district court did not abuse its discretion by dismissing a pro se plaintiff's complaint with prejudice, on shotgun-pleading grounds, where the plaintiff was given "at least one opportunity to re-plead the complaint").  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

"[A] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). See also *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Equity Lifestyle Props., Inc.* at 1240 (citing Fed. R. Civ. P. 41(b)). *See also Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). They may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court).

As stated in *Vibe Micro* at 1295:

A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006); *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008); *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (per curiam). In these cases, even if the parties do not request it, the district court "should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Byrne*, 261 F.3d at 1133 n.113 (alterations adopted) (quoting *Cramer v. Florida*, 117 F.3d

1258, 1263 (11th Cir. 1997)). This initial repleading order comes with an implicit "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Id.* at 1133.

While the District Court did not specifically cite to Rule 41(b), it did state that "[b]ecause Polo has once again failed to comply with the Court's orders, as outlined below, the Court dismisses this case." (ECF No. 55 p.1) The Appellant had been previously warned that noncompliance may result in dismissal (ECF No. 6 p.3; ECF No. 10 p.3; ECF No. 22 p.3; ECF No. 29 p.2). This is outlined by the District Court in its order dismissing the case.

As the District Court dismissed the federal claims with prejudice, the Court properly declined to exercise supplemental jurisdiction over the state law claims, dismissing them without prejudice. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (explaining that where a complaint is dismissed as a shotgun pleading, and a further sua sponte amendment is not offered, any remaining state-law claims should be dismissed "without prejudice as to refiling in state court"). Appellant continues to have the ability to pursue the state claims in state court if not subject to any state bars to proceeding.

The Appellant failed to comply with court orders and continued to file shotgun pleadings, demonstrating that it was futile for any further attempts to amend. The Court provided ample time and plenty of warnings. The repeated nature of the party's failures evidenced a "clear pattern of delay" or "contumacious conduct" *Eades v. Alabama Dept. of Human Resources,* 298 Fed.Appx. 862, 864 (11th Cir. 2008). The previous lesser sanctions (i.e. dismissal without prejudice) did little to bring about compliance with the Federal Rules of Civil Procedure or the Court's previous orders. As such, the decision of the District Court must be affirmed.

## CONCLUSION

The case presented by the Appellant continues to be conclusory and vague with immaterial facts not obviously connected to any particular cause of action. The Appellant was provided numerous opportunities to present a complaint that would permit each defendant to know the claims against him or her and upon what facts those claims are based. Conclusory claims and broad vague statements fail to provide the necessary information. It was the responsibility of the Appellant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) The denial of the motion for recusal was appropriate. With the Appellant having multiple opportunities to present a viable complaint, dismissal with prejudice was appropriate as any further amendment

would be futile.  Based upon the foregoing argument and authorities, this Honorable Court should affirm the Final Judgment of the District Court as well as the challenged orders in this appeal.

<div align="center" style="text-align:left; margin-left:40%">

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL

/s/ Christopher Sutter
CHRISTOPHER SUTTER (FBN# 0422215)
Assistant Attorney General
Office of the Attorney General
South Florida Civil Litigation Bureau
110 SE 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
Tel. (954) 712-4600
Christopher.Sutter@myfloridalegal.com
Attorneys for State Appellees

</div>

**<u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS</u>**

1.  This response complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this response contains 4346 words.

2.  This response complies with the typeface requirements of Fed. R. Civ. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word processing program in 14 point Times New Roman.

s/   Christopher Sutter
CHRISTOPHER SUTTER (FBN# 0422215)
Senior Assistant Attorney General

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this date on the following pro se party in the manner specified:

Frank Polo
1475 SW 8th St., Apt. 411
Miami, FL 33135
Email: Frank.Polo@msn.com
Via email and U.S. Mail

/s/ Christopher Sutter
CHRISTOPHER SUTTER
Senior Assistant Attorney General