# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CASE NO. 2 5 - 1 0 0 1 6 - B

### FRANK E. POLO, SR.

#### Plaintiff/Appellant,

#### v.

### SCOTT BERNSTEIN, et al.

#### Defendants/Appellees,

On Appeal from the Southern District of Florida
Case No. 1:23-cv-21684-RNS
Miami-Dade County Division;
The Hon. Robert N. Scola, Jr.

## APPELLANT'S REPLY BRIEF TO ANSWER BRIEF OF APPELLEES ST. THOMAS UNIVERSITY, INC., and SCOTT MARCUS BERNSTEIN

Frank E. Polo Sr.
Pro Se
1475 SW 8th St Apt 411
Miami, FL. 33135
Phone: (305) 901-3360
Email: Frank.Polo@msn.com

I

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................2

TABLE OF AUTHORITIES .....................................................................3

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT .....................................................................5

PETITION FOR THIS HONORABLE COURT TO TAKE JUDICIAL NOTICE..1

OBJECTION TO THIS COURT'S JURISDICTION OVER NON-PARTY

APPELLEES..............................................................................................1

CORRECTION OF APPELLEE'S FACTUAL BACKGROUND..........................2

SUMMARY OF THE ARGUMENT ....................................................4

ARGUMENT ........................................................................................5

   1.    ISSUE No. 1 ..............................................................................5

    (A)    THE STANDARD OF REVIEW REMAINS THE SAME, WHICH IS
DE NOVO AND ABUSE OF DISCRETION.....................................................5

    (B)    THE APPELLEE'S CLAIM THAT THE MOTION TO RECUSE WAS
SUPPORTED BY SPECULATIVE AND CONCLUSORY ALLEGATIONS
IS MISLEADING. ........................................................................................5

   2.    ISSUE No. 2 ONLY APPELLEE JUDGE BERNSTEIN ANSWERED
APPELLANT'S ISSUE No. 2 ................................................................9

    (A)    RESTATEMENT AND CORRECTION OF STANDARD OF
REVIEW........................................................................................................9

(B)     THE APPELLANTS WANT TO MISLEAD THIS COURT AS TO ISSUE NUMBER 2 BY IMPLYING THAT THE ISSUE IS WHETHER DISMISSING THE CASE AS SHOTGUN PLEADING WAS APPROPRIATE. ...........................................................10

3.     ISSUE No. 3 .........................................................11

(A)     RESTATEMENT OF THE STANDARD OF REVIEW, WHICH IS ABUSE OF DISCRETION ...............................11

(B)     THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE WITH PREJUDICE ................................12

(C)     APPELLANT'S CAUSES OF ACTION AGAINST STU DO NOT DEPEND ON STATE ACTION, BUT ON COMMON LAW CAUSES OF ACTION. .................................................14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS............1

CERTIFICATE OF SERVICE ................................................1

## TABLE OF AUTHORITIES

## CASE LAW:

**Betty K Agencies, Ltd. v. M/V/MONADA**, 432 F. 3d 1333 (11th Cir. 2005) .....12

**Brown v. ITT Consumer Financial Corp.**, 211 F.3d 1217, 1221 (11th Cir. 2000) ...............................................................9

**Downing v. MIDLAND FUNDING, LLC**, No. 2: 15-cv-00737-RDP (N.D. Ala. Jan. 12, 2016).................................................10

**Forrester v. White**, 484 U.S. 219 (1988) .................................3

**Liljeberg v. Health Services Acquisition Corp.**, 486 U.S. 847 (1988)..............5, 7

**Liteky v. United States**, 510 U.S. 540 (1994).........................................................6

**Stump v. Sparkman**, 435 U.S. 349 (1978) ........................................................3

**Thomas v. Tenneco Packaging Co., Inc.**, 293 F.3d 1306, 1329 (11th Cir. 2002).5, 6

**Weiland v. Palm Beach Cty. Sheriff's Office**, 792 F.3d 1313, 1320 (11th Cir. 2015) ...............................................................................8

## STATUTORY PROVISIONS:

**28 U.S.C. § 1291**...................................................................................1

**28 U.S.C. § 144**.....................................................................................9

**28 U.S.C. § 455**.....................................................................................9

28 U.S.C. 1367 ..........................................................................................14

## RULES:

11th Cir. R. 26.1-1 ....................................................................................5

Fed. R. App. P. 32 .....................................................................................1

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The Appellant, FRANK POLO, pursuant to 11th Cir. R. 26.1-1(a), certifies that the following persons, associations of persons, firms, partnerships, or corporations may have an interest in the outcome of this case:

**Alonso, Jennifer Rebeca Perez**; Counsel for Segarra and Segarra & Associates.

**Archdiocese of Miami, Inc.**; Parent company to St. Thomas University.

**Beasley, Joseph**; Counsel for Segarra and Segarra & Associates.

**Beasley, Demos & Brown, LLC**; Firm representing Manuel Segarra and Segarra & Associates, P.A.

**Bernstein, Hon. Scott**; Defendant/Appellee.

**Del Rey, Hon. Marcia**; Not a party due to failure to properly join her.

**Demos, Stephanie**; Counsel for Segarra and Segarra & Associates.

**Diaz, Roberto**; Counsel for St. Thomas University.

**Florida Third District Court of Appeals**; State court, not a party due to failure to properly join it.

**Florida Office of the Attorney General**; Representing the Appellees state actors.

**Florida Office of State Court Administration**; Representing the Appellee state actors.

**Goodman, Hon. Jonathan**; Magistrate Judge - SDFL.

**Guard, John**; Acting Attorney General, Representing State Appellees.

**Hernandez, Merlin**; Not a party due to failure to properly join her.

**J. Patrick Fitzgerald & Assoc., P.A.**; Firm representing St. Thomas University.

**Logue, Hon. Thomas**; Not a party due to failure to properly join him.

**Martinez, Randolph**; Not a party due to failure to properly join him.

**Multack, Hon. Spencer**; Not a party due to failure to properly join him.

**Polo, Frank**; Plaintiff/Appellant.

**Scola, Hon. Robert**; U.S. District Court Judge - SDFL.

**Segarra & Associates, P.A.**; Not a party due to failure to properly join it.

**Segarra, Manuel, III**; Not a party due to failure to properly join him.

**St. Thomas University, Inc.**; Defendant/Appellee.

**Sutter, Christopher**; Assistant Attorney General, appellate counsel – State Appellees.

The Appellant also certifies, pursuant to 11th Circuit Rule 26.1-3(b), that to the best of his knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

By: _____ /s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135

Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## PETITION FOR THIS HONORABLE COURT TO TAKE JUDICIAL NOTICE

1. The appellant hereby asks this honorable court to take judicial notice of the fact that Despite the Denial of Judge Scola that there was any conflict of interest with Senator Marco Rubio, Public transcripts of the Confirmation hearings show Senator Marco Rubio—a listed political adversary of the Appellant—recommended Judge Scola for a federal appointment in June and <u>July 2011</u> during congressional hearings. This can be found at https://www.congress.gov/112/chrg/CHRG-112shrg76350/CHRG-112shrg76350.htm.

## OBJECTION TO THIS COURT'S JURISDICTION OVER NON-PARTY APPELLEES.

2. The appellant objects to the inclusion of Judges Del Rey, Multack, and Logue as appellees in this appeal.

3. The Answer Brief improperly purports to represent these individuals (*See* **Docket Entry: 31, P:1**) and should be limited solely to arguments made on behalf of Judge Bernstein. All content referring to the unjoined judges should be stricken or disregarded.

4. Accordingly, the District Court never acquired jurisdiction over Judges Del Rey, Multack, or Logue. Because no final judgment was entered as to these individuals, this Court lacks appellate jurisdiction over them under **28 U.S.C. § 1291**.

5. As acknowledged by the District Court in its Final Judgment, only Judge Bernstein was properly before the court below. The Appellant did not file a motion to join the other judges under the Federal Rules of Civil Procedure, and no service or proper joinder occurred.

6. Consequently, the Appellant asks this Honorable Court to strike or disregard all content referring to the unjoined judges for lack of jurisdiction.

## CORRECTION OF APPELLEE'S FACTUAL BACKGROUND

7. The Appellees' response demonstrates a pattern of misrepresentation before this Honorable Court, as evidenced by the following facts:

8. Exploiting the fact that English is not the Appellant's first language, Appellee St. Thomas University, Inc. ("STU") asserts in Docket Entry **30; P. 9; n. 1**, that:

9. "In his Second Amended Complaint, Appellant acknowledged that he has been found to be a vexatious litigant in state court on multiple occasions," generally citing **ECF: 18, pages 6–7**. However, Appellee omits that the Appellant also alleged that each of those findings occurred without notice or the opportunity to be heard— constituting a clear violation of due process.

10. Appellee(s) generally claims that "The trial court appropriately denied Appellant's motion to recuse because it was merely supported by speculative and conclusory allegations."

11. The question that is in front of this court is whether the Appellant received due process in the lower court.

12. The Appellant made citations and showed a clear pattern of bias acting to benefit the Judge's ex-working peer. Judge, Scola, stated that "Polo sought and procured Judge Bernstein's recusal from his case, in January 2019, [therefore, was not the judge in the Appellant case] **(APPX. VOL. 2; P: 327; ¶:2; L:6 (ECF: 22))** and was using official court letterhead **(*See* APPX. VOL. 2; P: 290; #33)** to influence St. Thomas University… [however] the court still asserted that 'all of Polo's claims against Judge Bernstein in his individual capacity are barred by judicial immunity" in **(APPX. VOL. 2; P:328; ¶: 3; L: 1-2 (ECF22))**.' See Amend. Appellant's Brief: **(P: 5; § C).**

13. Therefore, Judge Scola improperly applied judicial immunity by shielding Judge Bernstein's non-judicial, administrative conduct (i.e., influencing a private university using official court letterhead) — an action outside the scope of judicial functions. *See* **Stump v. Sparkman**, 435 U.S. 349 (1978) (holding that immunity does *not* apply to administrative acts); *see also* **Forrester v. White**, 484 U.S. 219 (1988), (holding that judges are not immune for non-judicial acts).

14. Additionally, the Appellees claimed that ""That motion was solely based upon bare assertions of alleged personal and political connections that led to adverse rulings against Appellant."

15. This grossly downplays the actual basis raised: a 16-year association between Judge Scola and Judge Bernstein, combined with judicial decisions that uniformly favored Bernstein, even where judicial immunity clearly didn't apply.

16. Appellant's argument is supported by factual patterns, not mere conjecture. He also raised political relationships and a lack of disclosure despite the Appellant's move for the court to disclaim. *See Appellant Brief*, Page 7, Lines 22–24.

17. Also, the Appellees claim that "[T]he trial court did not abuse its discretion when it dismissed Appellant's federal claims... [including] claims against Judge Bernstein..."

18. The court incorrectly treated Bernstein's administrative or retaliatory actions after recusal as judicial acts, despite clear law that judicial immunity does not extend to non-judicial functions.

## SUMMARY OF THE ARGUMENT

19. The integrity of our judicial system depends not only on impartial rulings but on the public's confidence that justice is administered without bias or favoritism. This appeal is not about punishing a judge or elevating a pro se litigant—it is about enforcing the constitutional guarantee of a fair proceeding before an impartial tribunal. The record reflects not an isolated error, but a *pattern of conduct by the district court that benefited a former colleague*, Judge Scott Bernstein, while denying the Appellant basic procedural and constitutional protections.

20.The dismissal was entered with prejudice, yet on non-merit grounds, and without the required legal findings under Eleventh Circuit precedent. The lower court held the pro se Appellant to attorney-level pleading standards, ignored relevant precedent like **WEILAND**, and failed to analyze whether the complaint provided sufficient notice of claims. Worse, it did so under the shadow of an undisclosed, 16-year professional relationship between the presiding judge and a named defendant—raising a legitimate appearance of impropriety under **Liljeberg v. Health Services Acquisition Corp.**, 486 U.S. 847 (1988) and **Thomas v. Tenneco Packaging Co., Inc.**, 293 F.3d 1306, 1329 (11th Cir. 2002).

21.This Court now faces a defining choice: to affirm a judgment tainted by undisclosed relationships, legal misapplication, and disregard for due process—as the Appellees urge—or to uphold the rule of law by reaffirming that no party, not even a judge, is above constitutional scrutiny. The Appellant seeks no special treatment—only what this Court has consistently required: a fair adjudication based on law, not legacy.

## ARGUMENT

### 1. ISSUE No. 1

**(A) THE STANDARD OF REVIEW REMAINS THE SAME, WHICH IS DE NOVO AND ABUSE OF DISCRETION**

**(B) THE APPELLEE'S CLAIM THAT THE MOTION TO RECUSE WAS SUPPORTED BY SPECULATIVE AND CONCLUSORY ALLEGATIONS IS MISLEADING.**

22.No, because the Judge denies personal bias, we cannot conclude impartiality solely on that basis. The correct standard is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." **Thomas**, 293 F.3d 1306, at 1329.

23.Appellants urge this Court to recognize that this appeal is not merely based on the 16-year professional relationship between Judge Scola and Judge Bernstein, but on a pattern of conduct suggesting protection of a longtime colleague.

24.Appellees argue that "judicial rulings *alone almost never* (emphasis added) constitute a valid basis for a bias or partiality motion." **Liteky**, 510 U.S. 540 (1994), and mischaracterize the appeal as stemming solely from disagreement with a ruling.

25.However, **Liteky** permits recusal where rulings demonstrate "deep-seated favoritism," as here: (1) repeated errors benefitting Bernstein (e.g., extending immunity post-recusal), and (2) a pattern of judicial error alongside an undisclosed relationship, provide valid grounds for recusal.

26.There is no dispute that a judge who hides a relationship with a party, mischaracterizes that relationship, and ignores binding law to benefit a former colleague, denies litigants a fair proceeding—justifying recusal.

27. Appellee St. Thomas University fails to rebut the facts in the Appellant's brief (ISSUE No. 1), instead urging this Court to disregard de novo review and rely on the conclusory denial of recusal, which states:

> Simply identifying an association, and a weak one at that, between the undersigned and another judge, well over a decade in the past, is insufficient to raise doubts about the Court's impartiality in this case or otherwise implicate a personal bias or prejudice.
>
> ECF: 54 P:2 ¶:2 L:6

28. This misrepresents Appellant's motion. The issue is not a dated connection, but a 16-year professional relationship involving shared events and social interactions—far more than a "weak" link. The lack of disclosure and the judge's favorable rulings toward Bernstein raise an appearance of impropriety.

29. Appellee downplays key facts and urges the Court to ignore critical evidence:

30. The Supreme Court recognizes a "Duty to Disclose" potential grounds for disqualification. **Liljeberg v. Health Services Acquisition Corp.**, 486 U.S. 847 (1988).

31. The Judge's silence regarding the legal defect—Appellant's improper representation of his children, while benefiting a former colleague, further raises doubt about impartiality.

32. Appellees argue the court need not construct pleadings. But the correct standard is whether the pleadings give defendants "adequate notice of the claims."

**Weiland v. Palm Beach Cty. Sheriff's Office**, 792 F.3d 1313, 1320 (11th Cir. 2015).

33. A court cannot assess whether defendants had notice without conducting a proper analysis rather than relying on superficial conclusions.

34. The Judge dismissed claims against improperly joined defendants (Judges Del Rey, Multack, and Logue), but did so based on causes of action not properly before him. *See* **APPX. VOL. 2; PAGE 473; ¶:1; L:18–31 (ECF: 55)**.

35. Appellee asks this Court to ignore the following actions by the lower court:

(1) inconsistent application of procedural rules;

(2) obstructed service without discretion;

(3) failure to disclose relationships with a party and the Appellant's political rival;

(4) improper dismissal using § 1915 despite paid filing fees;

(5) failure to order mandatory service after granting in forma pauperis status;

(6) misleading the Appellant about Bernstein's immunity;

(7) dismissing federal rights claims without addressing key facts;

(8) ignoring legal arguments supporting Rule 59(e);

(9) knowingly allowing improper representation of children; and

(10) denying service of process, only to later order it under similar pleading defects.

36. The Judge downplays his 16-year relationship with Judge Bernstein but does not deny it. Nor does he rebut that his rulings repeatedly favored Bernstein by misapplying the law (see points 1–10 above).

37. **28 U.S.C. § 144** is irrelevant, as the recusal motion was based on **28 U.S.C. § 455**.

38. As demonstrated in the Appellant's brief, the Judge's conduct violated constitutional rights—specifically, the First Amendment right to access the courts and the Fifth Amendment right to due process.

39. The Judge's long-term relationship with a party, coupled with judicial actions benefiting that party and a failure to disclose key relationships, meets the threshold for recusal under **Liljeberg**, 486 U.S. 847. This Court should reverse the final judgment due to constitutional violations.

## 2. ISSUE No. 2 ONLY APPELLEE JUDGE BERNSTEIN ANSWERED APPELLANT'S ISSUE No. 2

### (A) RESTATEMENT AND CORRECTION OF STANDARD OF REVIEW.

40. **ISSUE No. 2**: This Court reviews a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. **Weiland**, 792 F.3d 1313, at 1320.

41. However, this issue is about a question of law, and this honorable court reviews questions of law de novo and findings of fact only for clear error. **Brown v. ITT Consumer Financial Corp.**, 211 F.3d 1217, 1221 (11th Cir. 2000).

42. In this case, the Appellant is asking this honorable court in ISSUE No. 2 to evaluate the lower court's *choice and interpretation of legal precepts and its*

*application of those precepts to the facts*. Therefore, the evaluation should be reviewed under a De Novo.

### (B) THE APPELLANTS WANT TO MISLEAD THIS COURT AS TO ISSUE NUMBER 2 BY IMPLYING THAT THE ISSUE IS WHETHER DISMISSING THE CASE AS SHOTGUN PLEADING WAS APPROPRIATE.

43. The issue is whether the lower court erred in failing to apply the correct legal standard in determining whether the pro se pleading was "informative enough to permit a court to readily determine if it states a claim upon which relief can be granted," as outlined in **Downing v. MIDLAND FUNDING, LLC**, No. 2: 15-cv-00737-RDP (N.D. Ala. Jan. 12, 2016), and derived from **Weiland**, 792 F.3d 1313"

44. Rather than addressing that standard, the Appellee focuses solely on the court's discretion to dismiss under the "shotgun pleading" doctrine, ignoring **Weiland**'s requirement that courts assess whether a complaint provides enough information to determine if a claim exists.

45. They also argue that holding a pro se litigant to attorney-level pleading standards is appropriate, which is precisely what the lower court did—failing to examine whether the complaint stated a valid cause of action.

46. Appellee's counsel falsely asserts, "The federal claims in this case were dismissed with prejudice on non-merit grounds." **Docket Entry 31; Page 14; No. III.; L: 1-2.**

47. In reality, the court stated: "[T]his dismissal is with prejudice, albeit on non-merits grounds." **APPX. VOL. 2; P: 475; ¶: 1; L: 3-4 (ECF 55).**

48. This confirms that no merit-based analysis occurred—contrary to opposing counsel's claim. For example:

A) Judicial immunity was invoked without addressing Bernstein's non-judicial actions;

B) claims such as retaliation and due process were dismissed without evaluating factual sufficiency; and

C) The "shotgun" ruling ignored the **<u>Weiland</u>** framework.

49. Whether Appellant was allowed one or many amendments is irrelevant if the court never intended to apply the proper legal standard. The record supports that the true objective was to protect Judge Bernstein, a former colleague, rather than ensure impartial application of the law.

50. Accordingly, this Court should reverse the final judgment due to misapplication of controlling precedent

### 3. ISSUE No. 3

### (A)    RESTATEMENT OF THE STANDARD OF REVIEW, WHICH IS ABUSE OF DISCRETION

51. After further review, the Appellant agrees that ISSUE No. 3 should be screened under an abuse of discretion standard.

## (B) THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE WITH PREJUDICE

52. This court was very clear in **WEILAND** 792 F. 3d 1313 at 1331 (footnote 10) when it stated that:

> Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of *either Rule 41(b) or the court's inherent power to manage its docket* …. However, "a dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: `(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); **AND** (2) the district court specifically finds that lesser sanctions would not suffice.'"

*Id.* Citing **Betty K Agencies, Ltd. v. M/V/MONADA**, 432 F. 3d 1333 (11th Cir. 2005).

53. Therefore, whether the complaint is dismissed with prejudice under *either Rule 41(b) or the court's inherent power to manage its docket*, there is a high standard the court must meet before dismissing with prejudice.

54. Notice the use of the coordinating conjunction "AND," which indicates that, on top of finding that a party engages in a clear pattern of delay or WILLFUL contempt, it must also comply with the last condition—that the "district court specifically finds that lesser sanctions would not suffice."

55. The Appellees are asking this honorable court to ignore your own rule, look the other way, and say that there was WILLFUL contumacious conduct justifying dismissal with prejudice; however, the record in the lower court is full of instances where the court recognized that the Appellant was acting in good faith which the

appellee want you to ignore, e.g., "Because each of Polo's amended pleadings suggests he is at least trying, albeit unsuccessfully" **(APPX. VOL. 2; P:414; ¶: 3; L: 1-2) (ECF: 29)**. *See* **(APPX. VOL. 2; P: 472; ¶: 2; L: 19-21) (ECF: 55)** "noting that each iteration of his complaint suggested that he was 'at least trying, albeit unsuccessfully, to address some . . . of the Court's concerns.'" (quoting the court's 5th Order at 2.)

56. Moreover, the court did not conclude that the appeal lacked merit. See **(APPX. VOL. 2; P. 475; ¶ 1; L. 3–4) (ECF: 55)**: "As to Polo's federal claims, this dismissal is with prejudice, albeit on non-merits grounds."

57. As a matter of fact, the court never, ever, determined whether the Appellant pleaded with enough facts putting the other side on notice, but capriciously claimed the complaint was a shotgun pleading without further analysis, a fact the Appellees want this court to ignore.

58. It is clear from the record that there was no clear pattern of delay, and it is also clear that there was not WILLFUL contempt ("contumacious conduct"). Therefore, by not finding either one of those two conditions (a pattern of delay or contumacious conduct), it is clear that the court abused its discretion—even if it had found that a lesser sanction would not suffice, which the Appellant believes the court did not make that determination either.

59. The Appellee has failed to point out anywhere in the lower court's order (ECF 55) where the court makes any of the abovementioned findings. However, the Appellee wants this Court to look the other way, ignore its own rules, and rule that it was within the lower court's discretion to dismiss the case with prejudice in the absence of any of the abovementioned factors. Therefore, this Court must rule that the lower court abused its discretion when it dismissed the case with prejudice.

### (C) APPELLANT'S CAUSES OF ACTION AGAINST STU DO NOT DEPEND ON STATE ACTION, BUT ON COMMON LAW CAUSES OF ACTION.

60. The Appellee argues that the Appellant failed to state a cause of action against St. Thomas University, Inc. ("STU") because the complaint does not establish that STU is a state actor. However, this argument is irrelevant, as the Appellant has not asserted any federal claims against STU—only state common law claims, and the complaint establishes Supplemental Jurisdiction over state claims by citing 28 U.S.C. 1367. This citation renders the argument that "St. Thomas University, Inc. ("STU") is not a state actor" irrelevant.

**WHEREFORE:** Appellant respectfully asks this court to:

61. Take judicial notice of the relationship of the lower court's judge with the Appellant's Political rival, Marco Rubio;

62. Strike or disregard all content referring to the unjoined judges for lack of jurisdiction;

63. Reverse the lower court's judgment—not to punish a judge, but to preserve the public's trust in a judiciary that is, and must always be, above suspicion and beyond reproach; and

64. Grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

By: __/s/__ _____

Frank Polo Sr.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit and relies on the 15-page limit.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14 points Times New Roman.

By: _____ /s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2025, a true and correct copy of the foregoing was filed in the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

Roberto J. Diaz                    By: _____ /s/
rjd@jpfitzlaw.com                  APPELLANT
J. Patrick Fitzgerald & Assoc., P.A.   Frank Polo
110 Merrick Way, Suite 3-B         1475 SW 8th St. Apt. 411
Coral Gables, FL 33134             Miami, FL. 33135

Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel
Segarra, and Segarra & Associates,
P.A.

Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Martine.legagneur@myfloridalegal.com
Christopher Sutter
Christopher.sutter@myfloridalegal.com
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
Counsels for Scott Bernstein, Marcia
Del Rey, Spencer Multack, and Thomas
Logue