# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

FRANK E. POLO, SR.
        Appellant,

  v.

SCOTT BERNSTEIN, et al.
        Appellees,
_____/

CASE NO.:  25-10016-B

DIST. CT. CASE NO.: 1:23-cv-21684-RNS

## APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC PURSUANT TO FED. R. APP. P. 40

1. **COMES NOW**, the Appellant Frank E. Polo, Sr., Pursuant to Fed. R. App. P. 40[1], and respectfully petitions for **panel rehearing** and **rehearing en banc** of this Court's **October 1, 2025**, opinion affirming dismissal of his action.

2. This case arises from Appellant's claims under 42 U.S.C. § 1983 alleging that a state judge and university officials colluded to retaliate against him for protected speech criticizing political and judicial corruption. The issues concern the integrity of judicial impartiality and access to the courts, matters of exceptional public importance warranting en banc review.

3. Rehearing is warranted because the panel opinion (1) **misapprehended critical facts** in the record, and (2) **misapplied or overlooked binding precedent** concerning judicial recusal, dismissal with prejudice, and liberal construction of pro se pleadings. These errors go to the heart of Appellant's constitutional claims of judicial bias and denial of access to the courts.

## § 1.   PANEL REHEARING IS WARRANTED

### I.   FAILURE TO CONDUCT DE NOVO REVIEW OF LEGAL ISSUES

---

[1] Effective December 1, 2024, Fed. R. App. P. 35 was incorporated into Rule 40. Accordingly, this petition is filed under Rule 40, which now governs both panel and en banc rehearing.

4. Although this Court has described dismissals on "shotgun pleading" grounds as reviewed for abuse of discretion, see **Vibe Micro, Inc. v. Shabanets**, 878 F.3d 1291, 1294–95 (11th Cir. 2018), appellate review must still ensure that the district court correctly applied the governing legal standards. Whether the operative complaint actually fits within one of the four Weiland categories, and whether dismissal with prejudice was justified, are legal determinations that require independent review for legal error. See **Weiland v. Palm Beach County Sheriff's Office**, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

5. The panel failed to apply that level of scrutiny. Rather than examining whether the operative complaint actually satisfied any of the **Weiland** categories, the panel summarily affirmed the dismissal. Appellant's amended complaint clarified the claims, reduced redundancy, and gave adequate notice to each defendant, as evidenced by the absence of any motion for a more definite statement under Rule 12(e). By deferring to the district court's conclusory "shotgun" label instead of independently verifying whether the complaint met **Weiland's** definitions, the panel effectively treated a legal determination as unreviewable discretion. That approach conflicts with **Vibe Micro** and **Weiland** and deprived the Appellant of full appellate consideration.

6. The panel also failed to conduct de novo review of a related pure question of law: whether the district judge's failure to disclose his long-standing professional and political relationships with parties involved, and his subsequent rulings that benefited his former judicial colleague, rose to the level of a constitutional violation of Appellant's right to a fair and impartial tribunal under the Fifth and Fourteenth Amendments. See **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009); **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988). This question, which implicates the structural integrity of the judicial process itself, required independent review because whether a judge's conduct violates the Due Process Clause is a structural constitutional question reviewed de novo.

## II. THE PANEL MISCHARACTERIZED APPELLANT'S RECUSAL ARGUMENTS

7. The panel miscast Appellant's recusal claim as dissatisfaction with "adverse rulings" and the district judge's refusal to advise him of the law. (Op. 3–4). That is not what Appellant argued.

8. Appellant identified **two independent conflicts** that created at least an appearance of bias:

### A) *FAILURE TO DISCLOSE PROFESSIONAL RELATIONSHIP CONFLICT (SCOLA–BERNSTEIN).*

9. Judge Scola worked in the **same Family Division of the Miami-Dade Circuit Court** as Defendant Judge Bernstein for **16 years**, not merely "in the same building."

10. This is not a casual acquaintance but a longstanding professional relationship.

11. Under **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988), impartiality is reasonably questioned when a judge presides over a case involving his long-term departmental colleague, fails to disclose that relationship, and issues rulings that objectively operate to that colleague's benefit.

### B) *POLITICAL RELATIONSHIP CONFLICT (SCOLA–RUBIO).*

12. Judge Scola was recommended for his federal appointment by Senator Marco Rubio.

13. Senator Rubio was Appellant's **political rival**.

14. Appellant specifically asked Judge Scola to disclose any conflict concerning Rubio; Judge Scola denied any.

15. Appellant cited the **Congressional Record** showing Rubio's recommendation, yet the panel dismissed this argument as "speculative."

16. This was not speculation; it was documentary evidence establishing a political relationship relevant to impartiality under 28 U.S.C. § 455(a).

17. By mischaracterizing both conflicts as either speculative or based on "adverse rulings," the panel avoided the required recusal analysis under **Liljeberg**. Even if no actual bias existed, 28 U.S.C. § 455(a) requires recusal whenever a reasonable person, fully informed of the facts, would question the judge's impartiality.

### III. THE PANEL OVERLOOKED KEY LEGAL ERRORS BY THE DISTRICT COURT, WHICH CONSISTENTLY BENEFITTED DEFENDANT JUDGE BERNSTEIN

18. **Misuse of § 1915(e)(2)(B):** The district court dismissed under § 1915(e)(2)(B) despite Appellant having paid filing fees, using In Forma Pauperis ("IFP") status as a pretext to dismiss without ordering Marshal service as required by Rule 4(c)(3). The panel did not address this contradiction. This deprived the Appellant of the benefit of proper service and judicial neutrality in the screening process. See Farese v. Scherer, 342 F.3d 1223, 1228 n.7 (11th Cir. 2003) ("Section 1915(e)(2)(B) applies only to IFP cases.").

19. **Dismissal With Prejudice Contrary to Weiland:** The district court dismissed with prejudice without findings of contumacious conduct or

consideration of lesser sanctions, contrary to **Weiland v. Palm Beach Cty. Sheriff's Off.**, 792 F.3d 1313 (11th Cir. 2015). The panel overlooked this precedent.

## IV.   FAILURE TO ANALYZE THE "SHOTGUN PLEADING" ISSUE

20. The panel affirmed dismissal by simply labeling Appellant's complaint a "shotgun pleading" without conducting the required analysis.

### A)   NO IDENTIFICATION OF SHOTGUN CATEGORY.

21. The panel opinion did not specify which category of shotgun pleading applied to Appellant's complaint. Instead, it summarily declared the pleadings "shotgun" and pointed only to the fact that Appellant had amended multiple times. This statement, by itself, does not make the final and operative complaint a shotgun pleading. Nor does the fact that Appellant added multiple parties. Neither circumstance satisfies any of the four categories identified in **Weiland**, 792 F.3d 1313, 1321–23, which focus on the internal structure and clarity of the pleadings, rather than the procedural history of amendments or the joinder of defendants.

### B)   FAILURE TO ADDRESS APPELLANT'S GOOD FAITH EFFORTS.

22. Appellant's amended complaint reduced the length from 147 to 40 pages, reorganized the claims, and removed unrelated allegations. These revisions show an effort to comply with court instructions, not contumacious

disregard. Additionally, none of the Appellees ever claimed to be confused or unable to understand the pleadings or what causes of action were brought against them, as shown by the absence of any motion for a more definite statement under Fed. R. Civ. P. 12(e). The only defendant to file a motion to dismiss, St. Thomas University (a law school), challenged the merits by asserting immunity from liability for breach of implied-in-law contract, gross negligence, and intentional infliction of emotional distress; it did not contend that the pleading was unclear. This record creates a prima facie perception of clarity that the panel ignored.

### C) IGNORING CONTROLLING PRECEDENT.

23. Appellant cited **Weiland** and other Eleventh Circuit precedent establishing that dismissal with prejudice is a drastic sanction reserved for willful delay or contumacious conduct, and only after considering lesser sanctions.

24. The panel did not address why these precedents were inapplicable.

### D) CONFLICT WITH PRO SE LIBERAL CONSTRUCTION STANDARD.

25. The Supreme Court has directed that pro se pleadings be liberally construed. **Haines v. Kerner**, 404 U.S. 519 (1972).

26. The panel opinion conflicts with **<u>Haines</u>** by affirming dismissal based on a conclusory label, without considering whether Appellant's allegations, if liberally construed, stated plausible claims under 42 U.S.C. § 1983. See **<u>Haines</u>**, 404 U.S. 519.

27. By refusing to analyze the pleadings under the standards of **<u>Weiland</u>** and **<u>Haines</u>**, the panel effectively substituted a label for reasoning. This conflicts with binding precedent and justifies rehearing.

### § 2.   REHEARING EN BANC IS WARRANTED

28. En banc review is appropriate under Fed. R. App. P. 40(b)(2) because this case presents questions of **exceptional importance** and conflicts with precedent.

### I.   FAILURE TO APPLY DE NOVO REVIEW WARRANTS EN BANC CONSIDERATION

29. The panel's opinion conflicts with controlling Eleventh Circuit precedent governing dismissal of shotgun pleadings and with the Circuit's standards for reviewing pure legal questions. Under Eleventh Circuit law, dismissal of a complaint on *Rule 8* "shotgun pleading" grounds is subject to **abuse-of-discretion** review. *See* **<u>Vibe Micro, Inc. v. Shabanets</u>**, 878 F.3d 1291, 1294–95 (11th Cir. 2018). **<u>Weiland v. Palm Beach County Sheriff's Office</u>**, 792 F.3d 1313 (11th Cir. 2015), supplies the substantive framework,

identifying the narrow categories of shotgun pleadings and emphasizing that the unifying defect is the complaint's failure to give defendants adequate notice of the claims and the grounds on which they rest.

30. Abuse of discretion review does not mean no review at all. Here, the panel improperly affirmed on shotgun-pleading grounds without identifying which **Weiland** category the operative pleading allegedly fit, without analyzing whether the final amended complaint provided adequate notice, and without considering the record evidence that Appellant substantially revised the complaint and that no defendant filed a Rule 12(e) motion challenging notice. Those omissions amount to an **abuse of discretion** because the panel failed to exercise the independence required when applying the **Weiland** test and **Vibe Micro's** guidance.

31. In addition, several of the issues presented, whether Appellant received constitutionally adequate process, and whether § 455(a) required recusal under the constitution, are **pure questions of law** that demand **de novo** review. See **Keating v. City of Miami**, 598 F.3d 753, 762 (11th Cir. 2010) (legal sufficiency reviewed de novo); **McKinney v. Pate**, 20 F.3d 1550 (11th Cir. 1994) (due process legal questions). The panel issued no independent legal analysis of those questions. By treating the shotgun label as dispositive and failing to address the pure legal issues de novo, the panel undermined

uniformity in the Circuit's jurisprudence and created the risk that appellate courts will abdicate independent review of constitutional determinations.

32. Although recusal decisions are often described as reviewed for abuse of discretion, that standard applies only to the district court's application of the legal test—not to the underlying legal question of whether the facts required disqualification under 28 U.S.C. § 455(a) or the Due Process Clause. **United States v. Patti**, 337 F.3d 1317, 1321 (11th Cir. 2003). Whether a judge's **professional and political relationships, combined with rulings that consistently favored his former judicial colleague and political associates**, create an appearance or probability of bias sufficient to violate § 455(a) or the constitutional guarantee of an impartial tribunal is a question of law reviewed de novo. See also **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009); **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988). Because Appellant's recusal claim alleged a constitutional violation, denial of access to a neutral forum, and due process, the panel was required to conduct an independent de novo review rather than deferentially affirm. Its failure to do so deprived Appellant of full appellate consideration and warrants rehearing en banc.

33. These review errors intersect with deeper concerns of uniformity and equal treatment among similarly situated litigants. Because the panel's

approach contradicts **Vibe Micro** and **Weiland** insofar as it effectively converts a legal sufficiency inquiry into an unreviewable exercise of discretion, and because the panel also failed to address pure legal questions under the correct de novo standard, en banc review is necessary to resolve these recurring and consequential errors, particularly in cases involving pro se litigants and constitutional claims of judicial impartiality and access to the courts.

## II.  INCONSISTENT APPLICATION OF THE WEILAND STANDARD RAISES EQUAL PROTECTION AND UNIFORMITY CONCERNS

34. The panel's summary affirmance conflicts not only with ***Weiland v. Palm Beach County Sheriff's Office***, 792 F.3d 1313 (11th Cir. 2015), but also with the fundamental Equal Protection principle that similarly situated litigants are entitled to consistent application of the law. In *Weiland*, this Court held that complaints far more complex and overlapping than Appellant's were not "shotgun pleadings" because they provided fair notice of the claims and factual bases. Yet, in this case, the panel affirmed dismissal under the same doctrine without identifying any of the **Weiland** categories or explaining why Appellant's complaint, shorter, more focused, and reorganized after court instructions, deserved a harsher outcome.

35. Such disparate treatment of materially similar pleadings undermines both the appearance and reality of equal justice under law. It suggests an arbitrary or selective application of the "shotgun pleading" doctrine, contrary to *Weiland*'s reasoning and to the constitutional guarantees of due process and equal protection. En banc review is necessary to restore uniformity in this Court's precedents and to reaffirm that pro se litigants, like all parties, are entitled to consistent and evenhanded application of procedural standards.

### III.  JUDICIAL RECUSAL AND APPEARANCE OF BIAS

36. The panel's opinion conflicts with **<u>Liljeberg</u>** by minimizing a 16-year professional relationship to "same building" and dismissing documentary evidence of political conflict as "speculation." This sets a dangerous precedent for judicial disclosure and impartiality.

### IV.  THE DISTRICT COURT'S SELECTIVE SILENCE CREATED AN APPEARANCE OF BIAS AND UNDERMINED PRO SE FAIRNESS

37. The district court's handling of Appellant's pleadings also contributed to the appearance of partiality that permeates this case. From the outset, the court knew that Appellant's complaints included claims asserted on behalf of his minor children, an action prohibited for non-attorneys in this Circuit, yet it remained silent on that issue through three rounds of dismissals. Only when preparing his fourth amended complaint did Appellant discover the restriction

himself and correct it. Rather than acknowledging the court's earlier silence, the panel later characterized Appellant's efforts to clarify his standing as an attempt to seek "legal advice."

38. Had Appellant not independently discovered that a non-lawyer cannot represent minor children, Defendant Judge Bernstein could have later moved to dismiss the children's claims on that ground. While such a motion would have reached only those claims, it could have been used strategically to cast doubt on the integrity of the entire pleading or to argue that all claims were improperly joined. The district court's silence thus created a latent procedural defect that, whether by design or effect, favored the judicial defendant and disadvantaged the pro se litigant.

39. That sequence would lead any reasonable observer to question whether the district court was applying procedural standards even-handedly. The omission deprived Appellant of the guidance routinely afforded to pro se litigants under **Haines v. Kerner**, 404 U.S. 519 (1972), and **Tannenbaum v. United States**, 148 F.3d 1262 (11th Cir. 1998), while conferring a potential strategic advantage on Defendant Judge Bernstein, who could have raised the issue later to seek dismissal. The combination of silence, mischaracterization, and benefit to a judicial defendant creates an objective appearance of bias requiring review under 28 U.S.C. § 455(a). *See* **Liljeberg v. Health Servs.**

**Acquisition Corp.**, 486 U.S. 847 (1988); **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009).

40.En banc rehearing is warranted to reaffirm that courts must avoid conduct that even appears to favor a judicial colleague or disadvantage a pro se litigant, and that procedural silence cannot be used in a manner that erodes public confidence in judicial neutrality.

41.Such selective silence, especially in a case involving a sitting state judge as defendant, undermines public confidence in the judiciary's commitment to neutrality.

## V.   DISMISSAL WITH PREJUDICE OF PRO SE COMPLAINTS:

42. The panel's affirmance conflicts with **Weiland** by permitting dismissal with prejudice absent bad faith or findings that lesser sanctions would not suffice.

## VI.   DISMISSAL WITHOUT LIBERALLY CONSTRUING PRO SE PLEADINGS:

43. The district court's decision, and the panel opinion, conflict with **Haines**, 404 U.S. 519, by affirming dismissal based on a conclusory label, without considering whether Appellant's allegations,  if liberally construed, stated plausible claims under 42 U.S.C. § 1983. They also conflict with

**Weiland**, 792 F.3d 1313, where this Court held that a pro se pleading must be analyzed by placing substance over form. [2]

## VII.   DENIAL OF ACCESS TO COURTS

44. By upholding dismissal without considering the substance of Appellant's constitutional claims, the panel effectively denied access to courts, contrary to **Bounds v. Smith**, 430 U.S. 817 (1977), and **Lewis v. Casey**, 518 U.S. 343 (1996), and to the First and Fourteenth Amendments' guarantees of meaningful access and procedural fairness.

## VIII.   CONCLUSION

45. For the foregoing reasons, Appellant respectfully requests that the Court grant this Petition for **Panel Rehearing and Rehearing En Banc**, vacate the panel opinion, and reconsider Appellant's appeal in light of the corrected factual record and binding precedent.

Respectfully submitted,

By: _____ /s/

APPELLANT
Frank Polo

_____

[2] See also Weiland, 792 F.3d at 1320 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The Appellant, FRANK POLO, pursuant to 11th Cir. R. 26.1-1(a), certifies that the following persons, associations of persons, firms, partnerships, or corporations may have an interest in the outcome of this case:

**Alonso, Jennifer Rebeca Perez**; Counsel for Segarra and Segarra & Associates.

**Archdiocese of Miami, Inc.**; Parent company to St. Thomas University.

**Beasley, Joseph**; Counsel for Segarra and Segarra & Associates.

**Beasley, Demos & Brown, LLC**; Firm representing Manuel Segarra and Segarra & Associates, P.A.

**Bernstein, Hon. Scott**; Defendant/Appellee.

**Del Rey, Hon. Marcia**; Not a party due to failure to properly join her.

**Demos, Stephanie**; Counsel for Segarra and Segarra & Associates.

**Diaz, Roberto**; Counsel for St. Thomas University.

**Florida Third District Court of Appeals**; State court, not a party due to failure to properly join it.

**Florida Office of the Attorney General**; Representing the Appellees state actors.

Florida Office of State Court Administration; Representing the Appellee state actors.

**Goodman, Hon. Jonathan**; Magistrate Judge - SDFL.

**Guard, John**; Acting Attorney General, Representing State Appellees.

**Hernandez, Merlin**; Not a party due to failure to properly join her.

**J. Patrick Fitzgerald & Assoc., P.A.**; Firm representing St. Thomas University.

**Logue, Hon. Thomas**; Not a party due to failure to properly join him.

**Martinez, Randolph**; Not a party due to failure to properly join him.

**Multack, Hon. Spencer**; Not a party due to failure to properly join him.

**Polo, Frank**; Plaintiff/Appellant.

**Scola, Hon. Robert**; U.S. District Court Judge - SDFL.

**Segarra & Associates, P.A.**; Not a party due to failure to properly join it.

**Segarra, Manuel, III**; Not a party due to failure to properly join him.

St. Thomas University, Inc.; Defendant/Appellee.

**Sutter, Christopher**; Assistant Attorney General, appellate counsel – State Appellees.

The Appellant also certifies, pursuant to 11th Circuit Rule 26.1-3(b), that to the best of his knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

By: _____ /s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

**CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(G)(1).**

This document complies with the typeface of Fed. R. App. P. 27(b)(1)(E) and Fed. R. App. P. 32(a)(5) and style requirement of Fed. R. App. P. 32(a)(6) because it uses Times New Roman 14 Points.

Additionally, this document complies with the length limit specified under Fed. R. App. P. 40(d)(3)(A) because, excluding the parts of the document, exempted by Fed. R. App. P. 27(b)(2)(A) and Fed. R. App. P. 32(f) and relying on MS Word, this document contains 2,753 words.

By: _____ /s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 13, 2025**, a true and correct copy of

the foregoing was filed in the CM/ECF system, which will send a notice of electronic

filing to all counsel or parties of record on the Service List below.

Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel
Segarra, and Segarra & Associates,
P.A.

By: _____ /s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Martine.legagneur@myfloridalegal.com
Christopher Sutter
Christopher.sutter@myfloridalegal.com
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
Counsels for Scott Bernstein, Marcia
Del Rey, Spencer Multack, and Thomas
Logue