# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

FRANK E. POLO, SR.
Appellant,

v.

SCOTT BERNSTEIN, et al.
Appellees,
_______________________/

CASE NO.: 25-10016-B /
DIST. CT. CASE NO.: 1:23-cv-21684-RNS/

## MOTION TO STAY THE MANDATE PENDING PETITION FOR WRIT OF CERTIORARI

1. **COMES NOW** the Appellant, FRANK POLO, pursuant to Fed. R. App. P. 41(d)(2), and respectfully moves this Court to **stay issuance of the mandate** pending the timely filing and disposition of a petition for writ of certiorari to the Supreme Court of the United States. In support, Appellant shows the following.

### I. GOVERNING STANDARD

2. Under Fed. R. App. P. 41(d)(2)(A), a stay of the mandate pending a certiorari petition is appropriate where the movant shows:

   a. a reasonable probability that the Supreme Court will grant certiorari;

   b. a fair prospect that the Court will reverse or vacate; and

c. a likelihood of irreparable harm if the mandate issues.

*See* **Hollingsworth v. Perry**, 558 U.S. 183, 190 (2010); **Packwood v. Senate Select Comm. on Ethics**, 510 U.S. 1319, 1320 (1994) (Rehnquist, C.J., in chambers).

3. Appellant satisfies all three requirements.

## II. PROCEDURAL POSTURE

4. The panel affirmed dismissal of Appellant's civil-rights complaint exclusively on "shotgun pleading" grounds without identifying any Weiland category, without performing the required Weiland analysis, and without addressing the pure legal questions raised concerning judicial bias, recusal, structural impartiality, and constitutional access-to-courts. The judgment was entered on November 21, 2025.

5. Appellant intends to file a timely petition for writ of certiorari under Supreme Court Rule 13.

## III. THERE IS A REASONABLE PROBABILITY THAT CERTIORARI WILL BE GRANTED

### § 1. The questions presented are nationally significant and recur across circuits

The cert petition will raise at least four questions that meet multiple Rule 10 criteria:

1. **Whether a federal appellate court may affirm dismissal on shotgun-pleading grounds without identifying a Weiland category and without performing the required analysis.**

6. The panel's decision conflicts with **Weiland v. Palm Beach Cty. Sheriff's Office**, 792 F.3d 1313 (11th Cir. 2015), **Vibe Micro, Inc. v. Shabanets**, 878 F.3d 1291 (11th Cir. 2018), and the nationwide liberal-construction requirement of **Haines v. Kerner**, 404 U.S. 519 (1972).

2. **Whether due process and the First Amendment right of access to the courts are violated when an appellate court declines to address pure legal questions of judicial bias and structural impartiality.**

7. These issues fall squarely within **Caperton v. A.T. Massey**, 556 U.S. 868 (2009), and **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988).

3. **Whether the Equal Protection Clause is violated when a circuit applies Weiland leniently to judicial defendants, yet strictly to pro se civil-rights litigants.**

8. Weiland upheld a far more sprawling and disorganized complaint than Appellant's amended complaint, raising a textbook unequal-application problem.

4. **Whether the appearance that a federal appellate court is insulating a sitting state judge from civil-rights scrutiny raises a structural constitutional question warranting review.**

9. Appellant raised specific structural-bias concerns that the panel declined to address. These include: (a) the defendant is a sitting state judge; (b) the district judge had a 16-year professional relationship with that judge within the same division of the state court; (c) this relationship was not

disclosed under 28 U.S.C. §455(a); and (d) the district judge also had undisclosed political ties to Appellant's political opponent. Under **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 859–60 (1988), nondisclosure of judicial connections that create an appearance of partiality independently warrants review, even without proof of actual bias.

10. The panel's refusal to address these conflicts creates the appearance of institutional protectionism and undermines public confidence in the judiciary , precisely the type of structural concern the Supreme Court identified as warranting review in **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009).

### § 2. There is an acknowledged intra-Circuit conflict

11. Weiland holds that: courts **must** identify which category of shotgun pleading applies; and courts **must** perform a detailed analysis.

12. The panel did neither. That alone presents a cert-worthy issue under Rule 10(c) because the panel's decision is irreconcilable with binding circuit authority.

## IV. THERE IS A FAIR PROSPECT OF REVERSAL OR VACATUR

13. The Supreme Court regularly reverses where:

a. a court fails to perform required **de novo review** of pure legal questions;

b. recusal and structural-bias issues were not addressed;

c. procedural doctrines were applied inconsistently;

d. pro se civil-rights litigants were denied meaningful access to review.

*See* **Caperton, Liljeberg, Haines, Miller-El v. Cockrell**, 537 U.S. 322 (2003).

14. Each error present here, failure to conduct **Weiland** analysis, failure to address §455(a) issues, failure to apply **Haines**, and failure to review pure constitutional claims, is independently sufficient for reversal.

## V. IRREPARABLE HARM WILL OCCUR ABSENT A STAY

### § 1. STRUCTURAL JUDICIAL BIAS CONSTITUTES PER SE IRREPARABLE HARM

15. Compelling Appellant to litigate in the same state judiciary whose judges have:

a. long-standing professional ties to the defendant judge,

b. political ties to Appellant's political rival, and

c. a documented history of adverse actions against Appellant,

16. creates unconstitutional structural risk under **Caperton** and **Liljeberg**. Structural-bias harm **cannot be remedied after the fact**.

## § 2. ISSUANCE OF THE MANDATE TRIGGERS STATUTORY DEADLINES THAT MATERIALLY PREJUDICE APPELLANT

17. If the mandate issues:

a. the 30-day tolling period of **28 U.S.C. §1367(d)** begins running immediately;

b. Appellant must file state-law claims in the same biased state forum before the Supreme Court can evaluate his federal claims;

c. Appellant must simultaneously prepare a certiorari petition under compressed conditions.

18. The structural bias concerns are not speculative. The district judge who dismissed the case had a 16-year professional relationship with the defendant judge, worked alongside him in the same division, and did not disclose this relationship as required by §455(a). The district judge's undisclosed political ties to Appellant's political rival further amplify the appearance of partiality. Forcing Appellant into a state-court forum interconnected with these same judicial actors before the Supreme Court can review these issues creates irreversible constitutional harm.

19. Under **Caperton** and **Liljeberg**, structural bias of this nature constitutes irreparable harm because it undermines the integrity of the proceedings themselves.

20. These dual deadlines create legal prejudice that courts repeatedly recognize as irreparable. See **Nken v. Holder**, 556 U.S. 418, 434–35 (2009).

### § 3. DENIAL OF MEANINGFUL REVIEW IS ITSELF IRREPARABLE HARM

21. Once the mandate issues, the Supreme Court's ability to provide effective relief is compromised. Forced litigation in a structurally biased tribunal cannot be undone by later appellate review.

## VI. REQUEST FOR RELIEF

22. For the foregoing reasons, Appellant respectfully moves this Court to stay issuance of the mandate pending the **filing and disposition** of a timely petition for writ of certiorari.

Respectfully submitted,

By: ____________________/s/

APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The Appellant, FRANK POLO, pursuant to 11th Cir. R. 26.1-1(a), certifies that the following persons, associations of persons, firms, partnerships, or corporations may have an interest in the outcome of this case:

**Alonso, Jennifer Rebeca Perez**; Counsel for Segarra and Segarra & Associates.

**Archdiocese of Miami, Inc.**; Parent company to St. Thomas University.

**Beasley, Joseph**; Counsel for Segarra and Segarra & Associates.

**Beasley, Demos & Brown, LLC**; Firm representing Manuel Segarra and Segarra & Associates, P.A.

**Bernstein, Hon. Scott**; Defendant/Appellee.

**Del Rey, Hon. Marcia**; Not a party due to failure to properly join her.

**Demos, Stephanie**; Counsel for Segarra and Segarra & Associates.

**Diaz, Roberto**; Counsel for St. Thomas University.

**Florida Third District Court of Appeals**; State court, not a party due to failure to properly join it.

**Florida Office of the Attorney General**; Representing the Appellees state actors.

Florida Office of State Court Administration; Representing the Appellee state actors.

**Goodman, Hon. Jonathan**; Magistrate Judge - SDFL.

**Guard, John**; Acting Attorney General, Representing State Appellees.

**Hernandez, Merlin**; Not a party due to failure to properly join her.

**J. Patrick Fitzgerald & Assoc., P.A.**; Firm representing St. Thomas University.

**Logue, Hon. Thomas**; Not a party due to failure to properly join him.

**Martinez, Randolph**; Not a party due to failure to properly join him.

**Multack, Hon. Spencer**; Not a party due to failure to properly join him.

**Polo, Frank**; Plaintiff/Appellant.

**Scola, Hon. Robert**; U.S. District Court Judge - SDFL.

**Segarra & Associates, P.A.**; Not a party due to failure to properly join it.

**Segarra, Manuel, III**; Not a party due to failure to properly join him.

St. Thomas University, Inc.; Defendant/Appellee.

**Sutter, Christopher**; Assistant Attorney General, appellate counsel – State Appellees.

The Appellant, also certifies, pursuant to 11th Circuit Rule 26.1-3(b), that to the best of his knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

By: ________________/s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

**CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(G)(1).**

This document complies with the typeface of Fed. R. App. P. 27(b)(1)(E) and Fed. R. App. P. 32(a)(5) and the style requirement of Fed. R. App. P. 32(a)(6) because it uses Times New Roman 14 Points.

Additionally, this document complies with the length limit specified under Fed. R. App. P. 27(b)(2)(A) because, excluding the parts of the document, exempted by Fed. R. App. P. 27(b)(2)(A) and Fed. R. App. P. 32(f) and relying on MS Word, this document contains 866 words.

By:________________/s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 30, 2025**, a true and correct copy of the foregoing was filed in the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

By: ______________/s/
APPELLANT
Frank Polo
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Roberto J. Diaz
rjd@jpfitzlaw.com
J. Patrick Fitzgerald & Assoc., P.A.
110 Merrick Way, Suite 3-B
Coral Gables, FL 33134
Counsel for St. Thomas University

Jennifer Rebeca Perez Alonso
jalonso@beasleydemos.com
Stephanie Elaine Demos
sdemos@beasleydemos.com
Joseph W. Beasley
jbeasley@beasleydemos.com
Beasley, Demos & Brown, LLC
201 Alhambra Circle Suite 501
Coral Gables, Florida 33134
Counsels for Defendants Manuel Segarra, and Segarra & Associates, P.A.

Kathryn Brucia
kathryn.brucia@myfloridalegal.com
Martha Hurtado
Martha.Hurtado@myfloridalegal.com
Martine Legagneur
Martine.legagneur@myfloridalegal.com
Christopher Sutter
Christopher.sutter@myfloridalegal.com
Office of the Attorney General
110 SE 6th St Ste 1200
Fort Lauderdale, FL 33301-5031
Counsels for Scott Bernstein, Marcia Del Rey, Spencer Multack, and Thomas Logue